Dr. P. F. McCUTCHEN and Billie Jean McCutchen, Plaintiffs-Respondents,

v.

Lewis R. MOORE, D.D.S., Defendant-Appellant.

No. 9185.

Missouri Court of Appeals,
Springfield District.

April 25, 1973.

No appearance for plaintiffs-respondents.

Raymond A. Klemp, Caruthersville, Ted M. Henson, Jr., Poplar Bluff, for defendant-appellant.

BILLINGS, Judge.

In this court-tried case judgment was entered in favor of plaintiffs and against defendant in the sum of $12,263.48 on his promissory note and judicial foreclosure of defendant's deed of trust securing the note was ordered. Plaintiffs also had judgment in their favor on defendant's five-count counterclaim. We affirm.

Defendant has limited his appeal to the judgment entered on plaintiffs' petition and in seeking reversal of the lower court's judgment [the sum found due represented accrued and unpaid interest on a $30,000.00 note] makes the following contentions: the evidence is not sufficient to support the judgment; the note had been fully paid; there was no agreement between the parties for any interest to be paid; the documents relied upon by plaintiffs had been materially altered subsequent to their execution.

In November of 1957 Dentist McCutchen decided to retire from the practice of dentistry at Steele, Missouri, and contracted to sell his practice, equipment and supplies, together with certain household goods and the real estate described in the deed of trust, to Dentist Moore. A sales agreement was prepared by an attorney at Dr. McCutchen's request and this contract was dated November 22, 1957, and signed by the parties. The total sales price was $32,000.00, payable as follows: $1,000.00 deposited in escrow at the time the agreement was signed; $1,000.00 payable within one year from the date of the contract; and, the balance of $30,000.00 to be paid at the rate of $250.00 each month " . . . commencing 30 days after second party [Dr. Moore] takes possession and to continue for a period of ten years or until said balance due of $30,000.00 is fully paid." The contract called for Dr. Moore's possession of the properties no later than January 1, 1958.

The last paragraph of the agreement provided: "It is agreed and understood by the party of the second part, that all pay-ments except the $1,000.00 paid in escrow, shall bear interest at the rate of 6 per cent per annum, said interest to be computed at the time of payment." It is this provision which gave rise to the dispute between the two dentists and their divergent testimony on the issue of interest presented the experienced trial judge with the non-medical task of attempting to extract the truth.

The transaction between the dentists was consumated December 4, 1957. Dr. McCutchen and his wife executed and delivered to Dr. Moore their bill of sale for personal properties and a deed for the real estate. Dr. Moore executed and delivered to plaintiffs two promissory notes and a deed of trust on the real estate. The first note was for $1,000.00 and was due November 22, 1958. Typed into the appropriate blank space was the provision that interest was due from January 1, 1958, and the printed eight per cent portion of the note had been x'd out by typewriting and the word "six" typed immediately above. The remaining note was for $30,000.00 and typed thereon was the notation that it was to be paid in installments of $250.00 per month with the first installment being due on February 1, 1958, and the balance on the first each successive month thereafter until paid. This note also provided for interest from January 1, 1958, and there was no alteration of the printed rate of eight per cent, per annum, interest. Both notes contained the following printed provision: "Interest payable annually. Defaulting interest to draw same rate of interest as principal." Dr. Moore's deed of trust recited it was given to secure the described notes but omitted any reference to interest in the description of the notes. However, the instrument did provide it was given to secure the "debt and interest" of the notes.

It is admitted that Dr. Moore paid the $1,000.00 note, together with the six per cent interest provided therein. There is no dispute that Dr. Moore paid plaintiffs a total sum of $30,500.00 on the second note. But, as succinctly stated in appellant's brief,

"The whole issue in this case boils down to whether defendant is obligated to pay plaintiffs interest on the $30,000.00 note. Plaintiff P. F. McCutchen testified that the parties agreed on 6 per cent interest. Defendant testified that the agreement was there was to be no interest charged."

■ Before considering defendant's assignment we take note of the fact that we have not been favored with a brief from respondents. While it is true that under present rules of practice and statutes respondents incur no penalty for such failure, such practice has been repeatedly condemned by the courts [Superior Loan Corporation of Buffalo v. Robie, 476 S.W.2d 144 (Mo.App.1972)] and leaves us dependent upon appellant's presentation and our research. And, with the ever-increasing caseload confronting us we would suggest that in the proper representation of respondents in appellate courts attorneys should file briefs in behalf of their clients.

Turning now to defendant's grounds for reversal. He says that the evidence before the trial court was not sufficient to support the judgment, and, suggests that we should substitute our judgment for that of the trial court. Although our review under Rule 73.01(d), V.A.M.R., is both upon the law and evidence in court-tried cases, the judgment is not to be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses. And, where there is a direct conflict in the testimony deference is to be given the trial court's conclusions. Nutz v. Shepherd, 490 S.W.2d 366 (Mo.App.1973), and cases cited therein.

Here no findings of fact or conclusions of law were requested by the parties, nor did the trial court indicate the grounds for his decision in favor of the plaintiffs. In such instance we must therefore assume all fact issues were found in accordance with the result reached. Rule 73.01(b), V.A.M. R.; Nutz v. Shepherd, supra. And, as this court noted in Dill v. Poindexter Tile Co.,

451 S.W.2d 365 (Mo.App.1970), at page 371: " . . . [I]n court-tried actions we are obliged to accept as true the evidence and all permissible inferences therefrom favorable to the prevailing party and disregard such testimony as is contrary thereto [cases], and not to set aside the judgment unless it is clearly erroneous."

As appellant recognizes there was a direct conflict in the testimony of the parties with respect to the matter of interest on the $30,000.00 note. In ruling in plaintiffs' favor the trial court necessarily adopted Dr. McCutchen's version and rejected that of Dr. Moore. In addition to Dr. McCutchen's testimony, the trial court could have found support for its ruling in the last paragraph of the agreement, the fact that the $1,000.00 note called for six per cent interest [which Dr. Moore paid], and the further fact that although the larger note provided for eight per cent interest Dr. McCutchens only sought six per cent interest—consistent with his testimony as to what the interest rate was to be.

Appellant unsuccessfully sought to avoid the paragraph of the agreement providing for interest on the two notes by claiming this paragraph was added to the original and copy of the agreement, stating that subsequent to the date the transaction was completed Dr. McCutchen borrowed his (Dr. Moore's) copy of the agreement for a few days and when it was returned to him he noticed the additional paragraph—but said nothing. Dr. McCutchen denied the subject paragraph was a subsequent addition to the agreement, as did the attorney-scrivener who prepared the agreement. This attorney also prepared the notes, deed of trust, bill of sale and warranty deed.

Appellant attempted to explain the portion of the $30,000.00 note pertaining to interest by saying this note was "blank" when he signed it—that he thought it was merely a "duplicate" of the $1,000.00 note and a copy for him. He admitted he paid the interest on the $1,000.00 note although he testified "no interest was ever men-

tioned" in his discussions with Dr. Mc-Cutchen. He disclaimed that portion of his answer and counterclaim that alleged "a definite understanding and commitment that the the note was to be filled out and typed out so as to include no provision for the payment of interest."

The authorities cited by appellant relative to alterations of negotiable instrument are not applicable to the instant case. Plaintiffs' evidence was unequivocal that there was no alteration. Defendant's evidence on this issue was at best surmise and conjecture. The trial court determined this contention against defendant and from our review of the evidence, including the exhibits, we cannot say the judgment of the lower court was clearly erroneous.

The judgment is affirmed.

TITUS, C. J., and STONE and HOGAN, JJ., concur.